IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **STATE BANK OF TEXAS,** | § § § | |
| *Plaintiff and Judgment Creditor*, | § § | |
| vs. | § § § | |
| **RAJESH PATEL** *and* **MUKESH PATEL,** | § § | Civil Action No. 1:09-cv-01494-WBH |
| *Judgment Debtors* and *Defendants* | § § § § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH OR FOR PROTECTIVE ORDER** (DOC. #106)

## I.

## INTRODUCTION

**PLAINTIFF State Bank of Texas** brings before this Court its Opposition to Defendants' Motion to Quash Third Party Subpoenas or for Protective Order (Doc. #106) and cross-motions to compel the relevant entities to submit the discovery now at issue. Plaintiff would respectfully show this Court the following.

This Court found brothers and real estate investors Rajesh and Mukesh Patel liable for a multimillion-dollar judgment that they have steadfastly refused to pay. After substantial efforts to peaceably collect the on the judgment, State Bank of Texas has commenced ancillary proceedings in this Court in the hopes of breaking through Defendants' obstructionist tactics. However, Defendants have used their

1

families and a network of shell companies (the "Companies") to hide assets and mask transfers of 100% of their fortunes to their relatives.

The available evidence reveals pieces of their fraudulent scheme—which must be assembled in the discovery process:

- Transferring their multimillion-dollar homes to their wives, for no consideration, yet continuing to reside in them;

- Transferring their ownership in businesses and their associated contracts and rights to payment to relatives, for no consideration, but, upon information and belief, continuing to run them;

- Setting up strawman companies to shuttle title to multimillion dollar commercial properties into the hands of their children for sham consideration; and

- Liquidating their personal bank accounts and transferring large personal property items to their wives and other insiders.

The cumulative aim of Defendants' fraudulent transfer scheme is manifest: to make the Patels appear "judgment proof" while in reality enjoying the same personal luxuries as before, and to vexatious multiply the costs of collection.

As if that were not enough, Rajesh Patel was indicted last summer for racketeering and defrauding investors in his real estate ventures by federal prosecutors in the Middle District of Tennessee for using sham shell companies and strawman entities to bilk investors out of nearly a million dollars.

Throughout August 2014, the Patel brothers were served deposition notices and document requests, which they patently ignored. Despite promises from their

2

lawyer, Mr. Knight, they have never appeared for deposition, and have produced only a single box of documents. Their relatives and the Companies were also subpoenaed by State Bank of Texas for their documents in August 2014, and these too were ignored and no documents have been produced—the objections have not even been lodged through normal means.

It is hardwired law that under Rule 69(a)(2), a judgment creditor plaintiff like State Bank of Texas is entitled to broad discovery "from *any person*, including the judgment debtor" (emphasis added). The term "[a]ny person" thus includes, and has always included, parties other than the judgment debtor whom the creditor reasonably believes would have relevant information, or might have information that could in turn lead to relevant information.

Here, discovery into the labyrinthine matrix of companies and transactions Defendants and their relatives have created is both relevant and necessary to vindicate this Court's judgment. Moreover, not only do the objections come way too late, but the Patel brothers do not even have standing to raise them. The motion to quash is thus patently frivolous. Accordingly, the Companies should be compelled to comply with the subpoenas and ordered to pay sanctions and attorneys' fees, and Defendants' motion to quash the subpoenas directed to the Companies should be denied.

We turn to the substantive issues.

## II.

## THIS COURT SHOULD OVERRULE DEFENDANTS' OBJECTIONS

The Companies raise only two of the permitted Rule 45 defenses to the subpoenas sent to a variety of corporate entities: (1) that the subpoenas are unduly burdensome; and (2) that Plaintiff did not allow a reasonable time to comply. In addition to the fact that these defenses are meritless, they are untimely and have been waived, and the Defendants lack the standing to make them in any event.

### A. THE OBJECTIONS TO THE SUBPOENAS HAVE BEEN WAIVED AS PROCEDURALLY DEFICIENT AND AS UNTIMELY

A motion to quash must be timely filed in order for the Court to consider it.[1] An opposing party must file a motion to quash within the 14-day timeframe the Rules set out for raising "objections" to a subpoena.[2] Others have concluded that a larger period of time is reasonable, but the consensus among these courts is that the time within which compliance is ordered in the subpoena is the outer bound for filing a motion to quash.[3]

Here, the Movants were untimely by any definition.

---

[1] *See* Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv).

[2] *See, In re Ecam Publications, Inc.*, 131 B.R. 556 (Bankr. S.D.N.Y. 1991)(holding that the term timely should be read in conjunction with 45(c)(2)(B), that requires a party subject to a subpoena to object to a subpoena *duces tecum* within 14 days of service of the subpoena).

[3] *See In re Subpoena For Rule 2004 Examination to the Wauregan Co., Inc.*, No. 10–mc–00005–JL, 2010 WL 678935 at *1 (D.N.H. Feb. 22, 2010); *City of St. Petersburg v. Total Containment, Inc.*, No. 06–cv-20953, 2008 WL 1995298 at *2 (E.D. Pa. May 5, 2008); *Estate of Ungar v. Palestinian Authority*, 451 F.Supp.2d 607, 610 (S.D.N.Y. 2006); *Innomed Labs, LLC, v. Alza, Corp.*, 211 F.R.D. 237 (S.D.N.Y.2002).

Plaintiff's subpoenas, which allowed 21 days to comply, were served on or about August 20, 2014,[4] but Defendants waited two *months* to file their motion to quash asserting their objections.[5] Defendants did not seek an extension of time or confer with Plaintiff's counsel concerning any scheduling issues. Accordingly, their motion is untimely (and considerably so), and Movants have waived all grounds for objection asserted therein.[6]

Such waiver is plenary, and extends to "[a]ny assertions" including that the subpoena "was unduly burdensome [or] overbroad" [7] and "include[ing] any

---

[4] Service was made by via First-Class mail, which is a valid form of service for subpoenas under Rule 45. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) ("We see no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena [via certified mail] and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result."). *Accord Codrington v. Anheuser-Busch, Inc.*, No. 98-cv-2417, 1999 WL 1043861 at *1 (M.D. Fla. Oct. 15, 1999); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356 (E.D.N.Y. 1997). Furthermore, it is hornbook law that any defect in service can be waived by a party, and that waiver is effected when a party appears and asserts its arguments against a filing (subpoena, complaint, etc.) but fails to raise defective service. *Stansell v. Revolutionary Armed Forces of Colombia*, __F.3d__, No. 13-11339, 2014 WL 5293562 at *14 (11th Cir. Oct. 16, 2014) (failure to assert defect in service constitutes waiver of the objection); *Brown v. Morgan*, 163 F. 395, 400 (C.C.N.D. Iowa 1908) ("appearance of the defendant waives any defects in the service of the subpoena, if any there be"). Even accounting for the additional three days allowed following service by mail under Fed. R. Civ. P. 6(d), Respondents' motion to quash was almost two months late.

[5] Doc. #107 (filed October 20, 2014).

[6] *Sterling Merch., Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 85 (D.P.R. 2006) (delay of three months following service and two months as to date for compliance waived motion to quash); *In re Corso*, 328 B.R. 375, 385 (E.D.N.Y. 2005) (non-party's two month delay after service of subpoena waived all objections in its motion to quash); *United States v. Int'l Bus. Machines Corp.*, 70 F.R.D. 700, 702 (S.D.N.Y. 1976) (non-party's two month and one week delay following service constituted waiver).

[7] *In re Corso*, 328 B.R. at 385.

objection based on privilege."[8] Courts have recognized the importance of such discovery, noting that "[a]ny other result would...completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."[9]

Thus, as courts in this circuit have held, the Companies "must provide *all* requested documents which are within their possession, custody or control."[10]

### B. THE DEFENDANTS LACK STANDING TO CHALLENGE THE SUBPOENAS TO THE COMPANIES EXCEPT TO THE EXTENT THEY ARE PRINCIPALS OR AGENTS ACTING ON BEHALF OF THE COMPANIES

In all matters, "[s]tanding [is] a threshold inquiry,"[11] addressed to "whether the litigant is entitled to have the court decide the merits … of particular issues."[12] Defendants repeatedly assert that they do not own any of the Companies. With some exceptions,[13] this is generally true. But it raises the question:

> *How can defendants raise defenses on behalf of*
> *businesses that they say they do not own?*

The answer is simple: they cannot.

---

[8] *Henry v. Nat'l Housing P'ship*, 1:06-cv-009, 2007 WL 2746725 at *1 (N.D. Fla. Sept. 18, 2007). *Accord Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 12 (1st Cir. 1991) ("But the assertion of privilege must be timely and must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim.") (finding claims of privilege and all other objections waived).

[9] *Young v. United States*, 149 F.R.D. 199, 206 (S.D. Cal. 1993) (internal quotation marks and citation omitted).

[10] *Henry*, 2007 WL 2746725 at *1 (emphasis added) (citation omitted).

[11] *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 983 (11th Cir. 1990) (citation omitted).

[12] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

[13] The most recent filings with the Secretary of State's office suggest Defendants still own, for example, RM Hotels, Inc., and Diplomat PR Hotels, LLC.

The plain text of Rule 45 indicates that the right to oppose a subpoena is a *personal* one, stating that the "***person*** commanded to produce documents or tangible things … may serve on the party or attorney designated in the subpoena a written objection…."[14] Accordingly, most federal courts have held that "[i]n the absence of a claim of privilege" a party "does not have standing to object to a subpoena directed to a non-party witness."[15]

Some decisions in the Eleventh Circuit have painted with a slightly broader stroke, referring to party's "personal right *or* privilege," with the former embodying something roughly akin to the *Katz v. U.S.* "reasonable expectation of privacy" test as to the materials held by non-parties.[16] But this distinction is immaterial, because

---

[14] Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). Numerous other references to the *personal* nature of these rights are sprinkled throughout Rule 45.

[15] *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1974) (citing 5A J. Moore, Federal Practice P 45.05(2) (2d ed. 1974)). *Accord Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (same); *Vogue Instrument Corp. v. Lem Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) ("the defendants, being neither persons in possession or control of the documents, nor the persons to whom the subpoenas are directed, lack standing to attack the subpoenas"); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D.Mo. 1957) ("When a limitation order is sought, under Rule 45(b)…it should be made by the person to whom the subpoena…is directed. He is the one who suffers from any annoyance, embarrassment or oppression' caused thereby …. Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena … directed to a non-party witness, the party to the action has no right to relief under Rule 45(b) . . . . Procedure for an application by motion to that purpose by a witness (non-party) is clearly contemplated by Rule 45(b)." (internal citations omitted)); *Haywood v. Hudson*, Civ. No. 90-3287, 1993 WL 150317, *4 (E.D.N.Y. April 23, 1993) (denying motion to quash subpoenas issued to third-party witnesses where defendants had no standing to challenge the subpoenas).

[16] *Auto–Owners Ins. Co.*, 231 F.R.D. at 429 (emphasis added).

Defendants assert neither personal privilege, nor privacy expectation as to the Companies' materials.

Indeed, *Defendants* offer no arguments regarding *their* interest, privilege, or privacy expectation as to items sought from the Companies.[17] Quite the opposite, the general tenor of Defendants' memorandum is to disavow *any* relationship between themselves and the Companies, suggesting instead that Plaintiff has targeted them based only on the irrelevant happenstance of their being owned by Defendants' relatives. The irony of this position is that the true, beneficial, or nominal ownership of the Companies is precisely the subject of the discovery—yet, Defendants provide not a scintilla of evidence establishing that they are not the owners of the Companies.

As a judicial admission (albeit, probably a false one), Defendants' chosen line of argument that they do not own the companies means that the die is cast as to standing—they have *none*. In accordance with numerous decisions in this circuit, because they assert no "*personal* right or privilege" as to the Companies, Defendants lack standing to quash subpoenas directed to them.[18] Stated simply: "[a] party may

---

[17] Not only is their supporting memorandum devoid of *any* argument tying their personal interests with the Companies, it is also unaccompanied by any affidavits or other competent evidence capable of establishing the factual showing necessary to establish a privilege or confidential business relationship. *See, e.g., Green v. Silver Cross Hosp*. 606 F.Supp. 87, 91 n.3 (N.D. Ill. 1984) (where factual assertions are necessary to support a party's argument they must be presented by affidavit or other competent evidence).

[18] *E.g., Malibu Media, LLC v. John Does 1-25*, No 2:12-cv-266, 2012 WL 3940142 (M.D. Fla. Aug. 21, 2012) (finding no "personal right or privilege" as to the names of ISP subscribers and denying motion to quash and for protective order); *Ellis v. City of Anniston, Ala.*, 289 F.R.D. 352

8

not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself."[19]

### C. DEFENDANTS CANNOT DEMONSTRATE THE SUBPOENAS ARE UNDULY BURDENSOME, OPPRESSIVE, OR HARASSING

Defendants next argue that the subpoenas are unduly burdensome or oppressive. A party seeking relief from unduly burdensome discovery requests "must provide specific and compelling proof that the burden is undue."[20] In this Circuit, *"particularized"* proof is required, and conclusory assertions and generalizations are insufficient and will be rejected.[21] The movant bears "the heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive,'"[22] which can only be discharged "based on *evidence* of the burden involved, not on a mere recitation that the discovery request is unduly burdensome."[23] "A party objecting to a subpoena on the ground of undue burden

---

(N.D. Ala. 2013) (rejecting jail's argument of "self-critical law enforcement privilege" and denying protective order).

[19] 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice And Procedure Civil 2D § 2035.

[20] *JZ Buckingham Investments, LLC v. United States*, 78 Fed. Cl. 15, 25 (Fed. Cl. 2007).

[21] *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's decision quashing subpoena); *Goodman v. U.S.*, 369 F.2d 166, 169 (9th Cir. 1966) (reversing district court's quashing of subpoena).

[22] *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex.1998) (quoting *Barnes Foundation v. Township of Lower Merion*, No. 96-cv-372, 1997 WL 169442, at * 4 (E.D.Pa. Apr. 7, 1997) (further citations omitted)). *Accord Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1025 (Fed. Cir. 1986) ("The burden of proving that a subpoena is oppressive is on the party moving to quash and is a heavy one.").

[23] *Trinos v. Quality Staffing Servic. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (emphasis in original) (citation omitted). *Accord* Coker v. Duke & Co., Inc., 177 F.R.D. 682, 686 (M.D.Ala., 1998) ("The resisting party must make a particular and specific demonstration of fact and cannot

generally must present an *affidavit* or other evidentiary proof of the time or expense involved in responding to the discovery request."[24]

The repeated incantation that a subpoena is oppressive from one who does not "offer any affidavits to support its conclusory assertion to that effect" cannot discharge the burden contemplated by Rule 45.[25] Defendants' wholly unsubstantiated assertions about the burdens of compliance also violate this District's Local Rules, which require that "[i]f allegations of fact are relied upon," in a motion, "supporting affidavits *must* be attached to the memorandum of law."[26]

Here, Plaintiff has already presented evidence implicating several of Defendants' relatives, *and several of the 48 Companies themselves* in suspicious transactions to aid Defendants in dissipating assets, necessitating inquiry into the remaining Companies as well. Yet, Defendants provide no affidavit or other evidence to support their contentions. Defendants fail to identify even a single search, inquiry or production issue to justify a finding of undue burden.[27]

---

rely simply [on] conclusory assertions about the difficulty of complying with a discovery request.").

[24] *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (quoting 9 James Wm. Moore et al., Moore's Federal Practice ¶ 45.51[4] (3d ed. 2009) (emphasis added)). *Accord Trinos*, 250 F.R.D. at 698 ("party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved") (quoting *Speed Trac Technologies, Inc. v. Estes Exp. Lines, Inc.*, No. 8-cv-212, 2008 WL 2309011, *5 (D.Kan. June 3, 2008)); *United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 413 (D.Md.2005)(burdensomeness objection must be supported with a "formal affidavit").

[25] *N.L.R.B. v. Brown Transport Corp.*, 620 F.Supp. 648, 654 (N.D. Ill. 1985).

[26] LR 7.1(A)(1), N.D. Ga.

[27] Similar to the standing issue above, the Defendants, by attempting to assert the rights of *other* parties not to be harassed, while simultaneously disclaiming any other association with them,

Therefore, Defendants' burdensomeness objections should be overruled.

### D. THE SUBPOENAS ARE FACIALLY REASONABLE AND CONSISTENT WITH WHAT OTHER COURTS HAVE ORDERED

Plaintiff has already established the reasonableness and enforceability of the subpoenas. Plaintiff seeks ownership records, bank records, tax returns, records of assets, contracts, and transfers to and from the company of assets or money. Such items are normally kept in the ordinary course in a single locations. Although it is Defendants' burden to demonstrate the subpoena requests are onerous, rather than the Plaintiff's burden to demonstrate the opposite, a passing comparison of case law and the facts presented demonstrates that the requests are not unreasonable.

For example, in *Williams v. City of Dallas*,[28] the court held that production of 30 boxes containing approximately 210 individual files, 52 audio transcripts, video tapes and accompanying transcripts, 23 trial and research notebooks, several hundred newspaper articles and investigative documents and approximately 1,000 documents produced in response to nine depositions was not unduly burdensome in aid of judgment.[29] In *British Int'l Ins. Co., LTD. v. Seguros La Republica*,[30] the court

---

brings this problem on themselves. As one court has observed "it would be difficult, if not impossible, for Defendants to offer evidentiary proof of the time and expense involved for the non-parties to respond to the discovery requests." *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110, 2014 WL 772859 at * 4
[28] 178 F.R.D. 103 (N.D. Tex. 1998).
[29] *Id*. at 113.
[30] 200 F.R.D. 586 (W.D. Tex. 2000).

11

upheld requests for "'any and all documents relating to' transfers of monies" to judgment debtor in a five-year span.[31]

Without any support in the law or the facts, Defendants superficially argue that "[t]he mere scope of the…[s]ubpoenas to forty-eight" Companies demonstrates an undue burden.[32] As if it is Plaintiff's fault that Rajesh Patel and Mukesh Patel and their immediate family members show up on the Georgia secretary of state's website 48 times. The scope of the conduct giving rise to Plaintiff's claims will naturally "dictate the scope of discovery to which [it] is entitled,"[33] and in any case, "[t]he mere size of Respondent's operation is no excuse for its refusal to give information."[34]

### E. DEFENDANTS FAIL TO DEMONSTRATE THAT THERE WAS INSUFFICIENT TIME TO COMPLY AND NEVER REQUESTED ADDITIONAL TIME

A court may quash or modify a subpoena that fails to allow the responding party reasonable time to comply.[35] Here, the Companies were given twenty-one days to comply, and have had sixty days to produce documents. Defendants offer nothing to suggest this was unreasonable.

---

[31] *Id*. at 591.
[32] Doc. #106 at 9-10.
[33] *Rubinow v. Ingelheim*, No. 3:08-cv-1697, 2010 WL 1882320 at *2 (D. Conn. May 10, 2010).
[34] *NLRB v. United Aircraft Corp.*, 200 F.Supp. 48, 51 (D.Conn. 1961), *aff'd mem*., 300 F.2d 442 (2d Cir.1962).
[35] Fed. R. Civ. P. 45(d)(3)(i).

The twenty-one day window in Plaintiff's subpoena is in line with decisions in this circuit, which have found a time span of as few as ten days to be reasonable,[36] and modified unreasonable one-week demands to twenty days, still fewer than the twenty-one days in Plaintiff's request.[37]

Defendants do not, perhaps because they cannot, explain why 21 days is insufficient to produce documents that normally would lie in a physical or virtual repository: tax returns, financials, banking statements, money transfers, real estate holdings, other assets, purchase or sale contracts, organizational documents, and corporate forms. Why could the Companies not produce these within 21 days? Because they are malingering. Pure and simple. This Court should not implicitly condone such behavior.

---

[36] *Subair Sys., LLC v. Precisionaire Sys., Inc.*, No. 08–60570–CIV, 2008 WL 1914876, at *2 n. 4 (S.D.Fla. Apr.26, 2008).
[37] *Stern v. Shelley*, No. 3:09-cv-82, 2009 WL 9156145 (N.D. Ga. Aug. 31, 2009)

Respectfully submitted this 6th Day of November, 2014.

| | |
|---|---|
| ____/s/ Mazin A. Sbaiti_____ | ____/s/ Adam Webb_____ |
| Mazin A. Sbaiti (Pro Hac Vice) | Adam Webb |
| **Steckler LLP** | **Webb Klase & Lemond LLP** |
| Two Hillcrest Green | 1900 The Exchange, S.E. |
| 12720 Hillcrest Rd. | Suite 480 |
| Suite 1045 | Atlanta, Georgia 30339 |
| Dallas, Texas 75230 | T: (770) 444-9325 |
| T: (972) 387-4040 | F: (770) 444-0271 |
| F: (972) 853-4367 | E: Adam@WebbLLC.com |
| E: Mazin@Stecklerlaw.com | |
| E: Kim@StecklerLaw.com | |
| ***Counsel for Plaintiff State Bank of Texas*** | |