IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STATE BANK OF TEXAS,
    Plaintiff,

v.

RAJESH PATEL, et al.,
    Defendants.

CIVIL ACTION NO.
1:09-CV-1494-WBH

## ORDER

To once again briefly review the background of this case, Plaintiff obtained an approximately $7 million judgment in 2011against Defendants Mukesh C. Patel and Rajesh C. Patel (hereinafter the Patels) on its claim that the two had breached their personal guarantee on a commercial mortgage note. Plaintiff has not been able to collect any of that judgment and has discovered what it believes are numerous sham transfers of property made in an effort to defraud the Patels' creditors. Plaintiff then filed a supplemental complaint, pursuant to Federal Rule 69, naming some 58 additional Defendants to this action and raising fraudulent transfer and RICO claims.

Motion for an Extension to Perfect Service

There are several motions now pending before the court. First Plaintiff seeks an extension to serve process. [Doc. 324]. Plaintiff points out that the instant action is fairly complicated, that it unsuccessfully attempted to obtain waivers of service, and that the Defendants and/or their principals are on notice of the claims because they

AO 72A
(Rev.8/82)

were raised previously in a since dismissed state court action. There is also the added complication that Rajesh Patel filed a voluntary Chapter 7 bankruptcy petition, which raised the question of whether a stay should be imposed with respect to certain of the Supplemental Defendants.

Given the complexity of this action, the vast number of Defendants, the fact that the Defendants are well aware of the claims against them, the further fact that Defendant has failed to establish prejudice, and the possible efforts of the Patels to subvert justice by hiding their assets from Plaintiff and other creditors, this Court cannot find that Plaintiff has not been diligent. Plaintiff is thus entitled to more time to effect service.

Supplemental Defendants' Motions to Dismiss

Certain of the Supplemental Defendants have filed materially identical motions to dismiss. [Docs. 327, 333, 338]. In their motions, these Defendants first claim that Plaintiff failed to serve them in a timely fashion and that Georgia's renewal statute, O.C.G.A. § 9-2-61(a), does not apply because of Plaintiff's lack of diligence. As is noted above, however, this Court has determined that Plaintiff's efforts to perfect service have not lacked diligence and that Plaintiff is entitled to an extension of time to serve the Supplemental Defendants. As a result this Court further concludes that

Plaintiff's claims are not barred by the Statute of Limitations under the renewal statute.

The moving Defendants next argue that Plaintiff has failed to state a fraudulent transfer claim against them because it has failed to allege the specific transfers that were made to them. According to the complaint, just after the judgment entered against the Patels, both Defendants transferred their homes to their wives in sham transactions. The complaint further alleges that the Patels "have transferred title of numerous properties to members of their family" and that "[a]n intricate web of new trusts and corporate entities has sprung up to accomplish this widespread fraud." Plaintiff admits that it has not identified each purported sham transaction with particularity because further discovery is required to determine exactly how the judgment debtors carried out their scheme. Nonetheless, this Court finds that supplemental complaint contains sufficient factual content to put the Supplemental Defendants on notice of the claims against them and to allow this Court to draw a reasonable inference that the Supplemental Defendants accepted assets from the Patels and participated in a scheme to defraud Plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The nature of the acts that Plaintiff alleges are such that the parties involved would make an effort to conceal them, and this Court does not expect that, without the benefit of discovery, Plaintiff would have detailed knowledge of each of the transactions.

Regarding the RICO claims, this Court will admit to concerns regarding whether Plaintiff will be able to establish that all of the Defendants engaged in sufficient predicate acts to be held liable under Georgia's RICO laws. However, as this Court will permit the fraudulent transfer claims to proceed, this Court will also allow the RICO claims to proceed at least to summary judgment to give Plaintiff an opportunity to develop its claims.

For the reasons given, this Court hereby **GRANTS** Plaintiff's motion for an extension to serve process, [Doc. 324], and Plaintiff must complete service on the remaining Supplemental Defendants within thirty days of the date of this order. The Supplemental Defendants' motions to dismiss, [Docs. 327, 333, 338], are **DENIED**.

For good cause shown, the consent motion to extend the responsive pleading deadline of Defendants Carnegie Hotel MT LLC and Carnegie Hotels, LLC, [Doc. 329], is **GRANTED** nunc pro tunc. Plaintiff's motions to dismiss Carnegie Hotel MT, Carnegie Hotels, LLC, and Arsenal Capital Partners, LLC, [Docs. 334, 342], are **GRANTED,** and said parties are hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED,** this 30 day of August, 2017.

_____
WILLIS B. HUNT, JR.
UNITED STATES DISTRICT JUDGE