IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **STATE BANK OF TEXAS**, <br> *Plaintiff and Judgment Creditor,* <br><br> v. <br><br> **RAJESH PATEL** AND **MUKESH PATEL**, <br><br> *Defendants and Judgment Debtors* <br><br> and <br><br> **SHAMA PATEL**, **JAY PATEL**, **MONICA PATEL**, **MAYUR PATEL**, **PRUYA PATEL**, **SONAIL "BILLY" PATEL**, **HASMITA PATEL**, **RISHI PATEL**, and **AFFILIATED ENTITIES**, <br><br> *Additional Defendants* | CIVIL ACTION NO. <br> 1:09-cv-1494 |

**PLAINTIFF'S MOTION FOR ADDITIONAL TIME AND FOR ALTERNATIVE SERVICE**

Now comes Plaintiff, State Bank of Texas, in the above-entitled and numbered cause, and makes this Motion for Additional Time and For Alternative Service upon remaining defendants.

1.  Plaintiff seeks an extension of time on the basis of good cause and pursuant to Federal Rule of Civil Procedure 4(m) and *Lepone-Dempsey v. Carroll Cty. Cmm'rs*, 476 F.3d 1277 (11th Cir. 2007).

**PLAINTIFF'S MOTION FOR ADDITIONAL TIME AND FOR ALTERNATIVE SERVICE** – Page 1 of 6

2. Plaintiff seeks additional time or leave to use alternative methods to effectively serve the remaining defendants.  Plaintiffs have been unable to serve individual defendant Hasmita Patel ("Patel") and corporate defendants Premier Travels, Inc.; Arsenal Capital Partners – Walton, LLC; Radha Premier Travel, Inc.; U.V. Hotels, LLC; SHR Holdings, LLC; RM Family Limited Partnership; 218 Capital Partners, LLC; Budgetel International, LLC; Hapeville Capital, LLC; Budgetel Lodging LLC; Look Outdoor, LLC; and Host Express, LLC ("Corporate Defendants"), and in support thereof would show the following:

I.

3. It is impractical to secure personal service of process in this cause upon Patel either by certified or registered mail or by delivery to Patel in person because Patel is evading service of process at her last known address.  Plaintiff would further show that it has engaged Special Delivery as process server and that one of Special Delivery's agents has, on numerous occasions, attempted to serve Patel at 2860 Cravey Drive N.E. Atlanta, GA 30345 and, on each occasion, said process server has been unable to serve Patel.  Attached hereto as Exhibit A-1 is a Westlaw PeopleMap confirming Patel's last known address.  Further, the affidavit of Special Delivery's agent, Chris Stanton, is

attached hereto as Exhibit A-2 confirming his unsuccessful attempts to serve Patel.

4. Therefore, Plaintiff seeks leave to serve Patel by substituted service by serving a copy of the summons and complaint upon a person of suitable ag and discretion at the above address.

5. In the alternative, because Patel cannot, after due diligence, be found or has otherwise concealed herself to avoid the service of the summons; because a claim exists against her; and because she is a proper party to the action, Plaintiff seeks an order of the Court allowing service by publication.

III.

6. Further, Plaintiff seeks additional time to serve the Corporate Defendants through the Secretary of State, or in the alternative, leave to make substituted service upon the Secretary of State for the Corporate Defendants. As stated in Exhibit A attached hereto, Plaintiff has attempted personal service on each Corporate Defendant by a process server to the last registered office and last registered address of the agent listed on the records of the Secretary of State. Plaintiff has been unable to effect personal service at such addresses.

7. Between September 14 and 27, 2017, Plaintiff attempted service via certified mail or statutory overnight delivery to each Corporate Defendant's registered office or registered agent listed on the records of the Secretary of State. As of

September 28, 2017, several packages have been delivered, awaiting retrieval by the addressee. If not retrieved by October 3, 2017, these packages will be returned. Because these packages have not yet been returned undeliverable, Plaintiff cannot yet effect service upon the Secretary of State. Other packages purport to have been successfully delivered, but Plaintiff has not been able to confirm proper delivery via return receipt. Therefore, out of an abundance of caution, Plaintiff seeks additional time to perfect service upon the Secretary of State, if necessary. Although it appears clear that each Corporate Defendant has failed to maintain a registered office, has failed to appoint a registered agent in this state, or is attempting to evade service, Plaintiff is unable at this time to effect service upon the Secretary of State according to Georgia Code Annotated § 9-11-4(e)(1)(A). Therefore, Plaintiff seeks additional time to serve the Corporate Defendants.

8. In the alternative, Plaintiff seeks leave to effect service upon Corporate Defendants by serving the Secretary of State immediately.

IV.

9. The requested relief is justified because dismissal of the claim without prejudice will either result in the claim simply being re-filed, wasting judicial resources, or the claim being permanently time-barred, a grave injustice.

10. Based on these reasons, Plaintiff respectfully requests the Court enter an order permitting an extension of time for an additional twenty-one days to effectuate service and any alternative methods the Court finds reasonable and expeditious.

> Respectfully submitted,
>
> */s/ Mazin A. Sbaiti*
> **Sbaiti & Company PLLC**
> Dallas Renaissance Tower
> 1201 Elm Street
> Suite 4010
> Dallas, Texas 75270
> (214) 432-2899
> Mazin Sbaiti (*pro hac vice*)
> E:  MAS@SbaitiLaw.com
>
> Franklin Lemond
> Webb Klase & Lemond LLP
> 1900 The Exchange, S.E.
> Suite 480
> Atlanta, Georgia 30339
> T: (770) 444-9325
> F: (770) 444-0271
> E:  Flemond@WebbLLC.com
>
> Attorneys for State Bank of Texas

## CERTIFICATE OF SERVICE

I hereby certify that, on September 28, 2017, a copy of the foregoing document was served on counsel for all parties pursuant to this Court's ECF system.

*/s/ Mazin A. Sbaiti*
Mazin A. Sbaiti
