# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**STATE BANK OF TEXAS**,

*Plaintiff and Judgment Creditor,*

v.

**RAJESH PATEL** AND **MUKESH PATEL**, .,

*Defendants and Judgment Debtors*
and

**SHAMA PATEL, JAY PATEL, MONICA PATEL, MAYUR PATEL, PRUYA PATEL, SONAIL "BILLY" PATEL, HASMITA PATEL, RISHI PATEL**, and **AFFILIATED ENTITIES**,

*Defendants*

CIVIL ACTION NO.
1:09-cv-1494

## AMENDED FIRST SUPPLEMENTAL COMPLAINT

### I.    INTRODUCTION

1.    This is an action to execute on a judgment against Rajesh C. Patel and his brother, Mukesh C. Patel (together, "Judgment Debtors"). The State Bank of Texas ("Plaintiff") obtained the judgment against Judgment Debtors in the action *State Bank of Texas v. Mukesh C. Patel and Rajesh C. Patel*, No. 1:09-cv-1494, before the United States District Court for the Northern District of Georgia (the "Northern District"). On February 15, 2011, the Northern District entered final   judgment in favor of State

AMENDED FIRST SUPPLEMENTAL COMPLAINT                                                    PAGE 1

Bank of Texas and against Judgment Debtors, jointly and severally, for $6,996,103.01 plus post-judgment interest accruing simply at 7% per year (the "Judgment"). The Judgment was for their personal guarantee to State Bank of Texas on a loan that one of their businesses defaulted on. All appeals have been exhausted.  In order to keep the caption manageable, the affiliated entities have not been listed in the caption. They are listed in Paragraphs 20-67 below.

2.    In the intervening period, State Bank of Texas has requested and awaited payment of the Judgment. None has been forthcoming.  Instead, the Judgment Debtors have embarked on a scheme to fraudulently transfer, hide and shield their assets. For example, a mere two months after the Judgment, Rajesh Patel purportedly "sold" his primary residence to his spouse, Shama Patel.  Around the same time, Mukesh Patel purportedly "sold" his primary residence to his spouse, Hasmita Patel. Both purported "sales" were nothing more than sham transactions entered into to hinder Plaintiff in its judgment collection efforts.

3.    To further prevent Plaintiff from collecting on the Judgment, Judgment Debtors have transferred title of numerous properties to members of their family. An intricate web of new trusts and corporate entities has sprung up to accomplish this widespread fraud.

4.    As but one indication of how serious the fraudsters in this case are, on March 25, 2016, Rajesh Patel was sentenced by a federal judge to 6 months in prison

after pleading guilty to two counts of wire fraud. Federal prosecutors alleged that Rajesh Patel perpetrated a scheme similar to the one that has unfolded here, defrauding investors of approximately $500,000. He created authentic looking hotel and property investments and absconded with the cash and/or loan proceeds of individual investors or financial institutions rather than developing the actual projects. Rajesh is currently serving his prison sentence at USP Atlanta and is scheduled to be released in November 2016.

5.      Plaintiff brings this action to unwind this enterprise, liquidate and rescind the corporate charters of all offending corporate, partnership, LLC and trust entities in satisfaction of its judgment. Plaintiff is entitled to the Judgment – trebled under the Georgia RICO Statute, plus attorneys' fees, costs of investigation and interest, as well as for punitive damages under the Uniform Fraudulent Transfers Act and the Georgia RICO Act – an amount totaling more than $25 million by any conservative estimate.

6.      To immediately prevent the further dispersal of the Judgment Debtors' assets, Plaintiff seeks a preliminary injunction. Plaintiff is substantially likely to succeed on the merits of this action because it has already obtained the Judgment from the Northern District that established the Judgment Debtors' liability to Plaintiff. Plaintiff will also demonstrate that the Judgment Debtors have embarked on a scheme to frustrate collection of that Judgment. Plaintiff will suffer irreparable injury should Judgment Debtors be able to obtain discharge in bankruptcy or disperse their assets to

become "judgment proof." This injury outweighs any harm to Judgment Debtors who have already schemed to frustrate this court's Judgment. And it is in the public interest for the Northern District to ensure that its judgments are enforced and judgment debtors cannot disperse their assets beyond the reach of their creditors so as to make themselves insolvent.

## II.    THE PARTIES TO THE ACTIONS

7.    Plaintiff State Bank of Texas is a state chartered bank with its principal place of business in Dallas County, Texas.

8.    Defendant Rajesh C. "R.C." Patel is an individual, who is currently an inmate (No.

22428-075) at USP Atlanta, 601 McDonough Blvd. SE, Atlanta, GA 30315.

9.    Defendant Mukesh C. "Mike" or "M.C." Patel is an individual who, upon information and belief, resides and may be served at 2860 Cravey Drive, N.E., Atlanta, Georgia 30345.

10.    Defendant Shama R. Patel is the wife of Rajesh C. Patel and is an individual whose principal residence and domicile is in Gwinnett County, Georgia.

11.    Defendant Jay Patel is the son of Rajesh C. Patel and is an individual who, upon information and belief, resides and may be served at 2253 Grady Ridge Trail, Duluth, Georgia 30097.

12.    Defendant Monica Patel is the wife of Jay Patel and is an individual whose principal residence and domicile is in Gwinnett County, Georgia.

13.    Defendant Mayur R. Patel is the son Rajesh Patel and is an individual whose principal place of residence and domicile is in Gwinnett County, Georgia.

14.    Defendant Sonail "Billy" Patel is the son of Rajesh C. Patel and is an individual whose principal residence and domicile is, upon information and belief, in New York, New York.

15.    Defendant Hasmita Patel, wife of Mukesh Patel, is an individual whose principal residence and domicile is in DeKalb County, Georgia.

16.    Defendant Rishi M. Patel is the son of Mukesh Patel and is an individual who, upon information and belief, resides and may be served at 705 Town Boulevard, Unit 523, Atlanta, Georgia 30319.

17.    Defendant Mitesh Amin is an individual whose principal residence and domicile is upon information and belief in DeKalb County, Georgia.

18.    Defendant Alka Patel is Rajesh and Mukesh's sister and is an individual whose domicile and residence is upon information and belief in DeKalb County, Georgia.

19.    This First Supplemental Complaint refers to Alka Patel, Mitesh Amin, Rishi M. Patel, Hasmita Patel, Sonail "Billy" Patel, Mayur R. Patel, Monica Patel, and Jay Patel collectively as the "Patel Family Defendants."

## A.    Defendant Affiliated Entities

### 1.    Located at 2253 Grady Ridge Trail

20.    218 Capital Partners, LLC is a Georgia limited liability company formed in March 2014, with its principal place of business 2253 Grady Ridge Trail, Duluth Georgia 30097. Its registered agent is Defendant Jay Patel.

21.    Chelsea Capital Partners, LLC is a limited liability company organized under Georgia law with its principal place of business at 2253 Grady Ridge Trail, Duluth, Georgia 30097. Its registered agent is Defendant Jay Patel.

22.    Diplomat Hotel Corp. is a Georgia corporation with its principal place of business at 2253 Grady Ridge Trail, Duluth, Georgia 30097. Its registered agent is Defendant Rajesh Patel.

23.    Hapeville Capital, LLC is a Georgia limited liability company formed in March 2014, with its principal place of business 2253 Grady Ridge Trail, Duluth, Georgia 30097. Its registered agent is Defendant Jay Patel.

24.    Look Outdoor, LLC is a limited liability company organized under Georgia law doing business from its offices at 2253 Grady Ridge Trail, Duluth, Georgia 30097. It may be served by serving its registered agent for service of process, John Fite, 2253 Grady Ridge Trail, Duluth, Georgia 30097.

25.    RM Kids, LLC is a limited liability company organized under Georgia law and doing business from its offices located at 2253 Grady Ridge Trail, Duluth, Georgia 30097. It may be served by serving its registered agent for service of process, Bryan M. Knight, 1360 Peachtree Street, N.E., Suite 1201, Atlanta, Georgia 30309.

26.     RM Kid One, LLC is a limited liability company organized under Georgia law doing business from its offices at 2253 Grady Ridge Trail, Duluth, Georgia 30097. Its registered agent is Defendant Jay Patel.

27.     Stamford Bridge Capital, LLC is a limited liability company organized under Georgia law doing business from its offices at 2253 Grady Ridge Trail, Duluth, Georgia 30097. It may be served by serving its registered agent for service of process, James Johnson, 1360 Peachtree Street, N.E., Suite 1201, Atlanta, Georgia 30309.

### 2.     Located at 2100 Parklake Dr.

28.     Diplomat PR Hotels, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent was R.C. Patel.

29.     RM Hotels, Inc., is an Alabama corporation that was registered to do business in Georgia, at the address 2100 Parklake Dr., NE, Atlanta, Georgia 30345. Its registered agent is defendant Shama Patel.

30.     Carnegie Hotels LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

31.     Carnegie Hotel Manager, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia

30345. Its registered agent is Rajesh C. Patel.

32.    Carnegie Hotel MT LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

33.    Kingston Hotels, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

34.    Birmingham Asset Management, Inc. is an Alabama corporation company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel, its CEO/CFO is Rajesh Patel and its Secretary is Mukesh Patel.

35.    Diplomat Hospitality, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

36.    Diplomat Hospitality II, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

37.    Diplomat Hospitality III, LLC is a limited liability company organized under Georgia law and doing business from its offices located at 2100 Parklake Drive, N.E., Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

38.     Diplomat Hospitality IV, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

39.     Diplomat Hospitality V, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

40.     Diplomat Hotels, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

41.     Budgetel International, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Jay R. Patel.

42.     Budgetel Licensing Corp. is a Georgia corporation with its registered place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Jay R. Patel.

43.     CC Operating Company, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Shama Patel.

44.     CT Hotels, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its

registered agent is Rajesh C. Patel.

45.    Diplomat Construction, Inc. is a Georgia or Alabama company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its CEO, CFO and Secretary is Rajesh C. Patel.

46.    Diplomat Risk Services, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

47.    RM Family Limited Partnership is a Georgia limited partnership with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Mukesh "M.C." Patel.

48.    U.V. Hotels, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is U.H. Patel.

49.    VA Operating Company, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Shama R. Patel.

50.    Premier Travels, Inc., is a Georgia corporation with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Mukesh C. Patel, its CEO is Rajesh Patel and its Secretary is Shama Patel.

51.    SMS Hotel Equities Inc. is a Georgia limited liability company with its

principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

52. Croydon Investments, Inc. is a Georgia corporation with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent and CEO is Rajesh C. Patel, its Secretary is Mike Patel, and Shama Patel is its CFO.

53. Richardson Hotels, LLC dba Texas Richardson Hotels LLC was a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent was R.C. Patel.

54. Host Express, LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its principal agent is Mukesh Patel.

55. Diplomat Development Company LLC is a Georgia limited liability company with its principal place of business at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its principal agent is Hasmita Patel.

56. Whitehorse Inns Inc. is a Georgia corporation established by RC Patel, its principal place of business is, upon information and belief, at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its CEO is Rajesh Patel.

57. Upon information and belief, the 2100 Parkdale Dr. NE address may not be a current address for the Judgment Debtors, the Defendants, or their Affiliated

AMENDED FIRST SUPPLEMENTAL COMPLAINT                    PAGE 11

Entities, as Plaintiff believes that one or all of the above may have been evicted from this address.

### 3.     Located at 3586 Chamblee Tucker Rd.

58.     Diplomat CT Hotels LLC is a Georgia limited liability company with its principal place of business at 3585 Chamblee Tucker Rd., Atlanta GA 30341. Its registered agent is Bryan M. Knight.

### 4.     Located at 2055 N. Brown Rd. Suite 250

59.     Kennedy/Diploma Newnan, LLC is a Georgia limited liability company with its principal place of business at 2055 N. Brown Rd. Suite 250, Atlanta, GA 30043 or at 2100 Parklake Dr. NE, Suite A, Atlanta, Georgia 30345. Its registered agent is Rajesh C. Patel.

### 5.     Located at 5728 Lost Grove Dr.

60.     Surrey Capital, LLC is a is a Georgia limited liability company with its principal place of business at 5728 Lost Grove Dr. NW, Lilburn, GA 30047. Its registered agent is Jay Patel.

### 6.     Located at 2860 Cravey Dr.

61.     Arsenal Capital Partners-Walton, LLC is a Georgia limited liability company with its principal place of business at 2860 Cravey Dr., Atlanta GA 30345. Its principal agent is Rishi Patel.

62.     SHR Holdings LLC is a limited liability company with its principal place

AMENDED FIRST SUPPLEMENTAL COMPLAINT                    PAGE 12

of business in Georgia previously at 3275 Lenox Rd., Suite 301, Atlanta GA 30324, and currently upon information and belief at 2860 Cravey Dr., Atlanta GA 30345. Its principal owners are Alka Patel and Rishi Patel.

### 7.    Located at 2300 Henderson Mill Rd.

63.    Budgetel Lodging LLC is a Georgia limited liability company with its principal place of business at 2300 Henderson Mill Rd., Suite 125, Atlanta GA 30345. Its principal agent is Jay R. Patel.

64.    Diplomat Companies is a Georgia corporation with its principal place of business at 2300 Henderson Mill Rd., Suite 125, Atlanta GA 30345. Its principal agent is Rajesh and Mukesh Patel.

65.    Northlake Hotels LLC is an Alabama limited liability company with its principal place of business at 2300 Henderson Mill Rd., Suite 125, Atlanta GA 30345. Its principal agent is Rajesh Patel.

### 8.    Located at 722 Rowland Rd.

66.    Radha Premier Travel, Inc. is a Georgia corporation with its principal place of business at 722 Rowland Rd., Stone Mountain GA 30083. Its CEO is Mukesh Patel and Secretary is Hasmita Patel.

### 9.    Located at 5435 Chelsen Wood Drive

67.    Arsenal Capital Partners, LLC is a limited liability company organized under Georgia law doing business from its offices at 202 Landmark Drive, Normal,

Illinois 61761. Its registered agent is Jay Patel.

## III.    JURISDICTION AND VENUE

68.    This Court has personal jurisdiction over Judgment Debtors because they reside in Georgia, have conducted substantial business activities within this state, and some of Judgment Debtors' conduct giving rise to this First Supplemental Complaint occurred within this state.

69.    This Court has subject matter jurisdiction over Judgment Debtors pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Judgment Debtors and the matter in controversy exceeds the sum or value of $75,000.

70.    This action was originally filed on August 7, 2014 in the Superior Court of Gwinnett County, Georgia (Civil Action No. 14A 07102 10) (the "State Court Action").   Pursuant to O.C.G.A. § 9-2-61(a), the State Court Action was voluntarily discontinued on February 18, 2016 and is hereby refiled before this Court.  The privilege of renewal has not been previously exercised.

## IV.    BACKGROUND

71.    The personal liability of Rajesh C. Patel and Mukesh C. Patel as to the underlying debt was established in State Bank of Texas v. Mukesh C. Patel and Rajesh C. Patel, Case No. 1:09-cv-001494-RLV (N.D. Ga.).

72.    Rajesh and Mukesh Patel used to be owners of a company called Diplomat Construction, Inc. ("Diplomat").

73.    Public records show that the Judgment Debtors own and have owned several Georgia businesses bearing the term "Diplomat" in the name. For purposes of brevity, this First Supplemental Complaint refers to Diplomat Construction Inc. as Diplomat and any other entities by their full name.

74.    On January 16, 2002, Diplomat executed a note with Integrity Bank for a loan in the amount of $10,500,000 (the "Loan"). The proceeds of the Loan were to be used to develop a hotel property. The Loan was secured, in part, by a deed to the hotel property.

75.    The Loan was also secured by personal guarantees, executed individually by Rajesh Patel and his brother, Mukesh Patel. The Loan guarantee language specifically provided that each brother:

> Absolutely and unconditionally (i) guarantees unto Lender the full and timely payment of Loans and all accrued interest, principal and other sums, including court costs and reasonable attorneys fees incurred, to become due to lender under the Notes or Security Documents . . . .

76.    In August 2008, Integrity Bank faltered, and the Federal Deposit Insurance Corporation took over Integrity as receiver.

77.    Around the same time, Diplomat defaulted on the Loan by, among other things, failing to make timely payments and filing for voluntary bankruptcy in In re Diplomat Construction, Inc., Case No. 09-68613 (Bankr. N.D. Ga.).

78.    Because of Diplomat's default, the FDIC demanded payment of the Loan

and accelerated all indebtedness thereunder.

79.    The FDIC ultimately auctioned the Loan through Debt Exchange, Inc.

80.    Rajesh and Mukesh Patel attempted to purchase the outstanding note at auction for the bargain price of $2.4 million. Had their maneuver been successful, the brothers would have bootstrapped a windfall of some $6 million for themselves: they could foreclose on the very property they had mismanaged, strip off the entitlements of their fellow investors, and leave all remaining benefits for the Patel brothers alone.

81.    Judgment Debtors have executed similar schemes before. Defendant Rajesh Patel was indicted for, and pleaded guilty to, a similar scheme.

82.    State Bank of Texas saw through this scheme and outbid the Patels, thus stepping into the shoes of Integrity, and taking over their interest and rights under the Loan and Guarantees. State Bank of Texas made several demands and provisions for repayment. None were answered.

83.    State Bank of Texas foreclosed on its interest and initiated suit to collect on the personal guarantees in the U.S. District Court for the Northern District of Georgia, Civil Action No. 1:09-cv-01494.

84.    This court entered summary judgment in favor of State Bank of Texas, dismissing Diplomat and Rajesh and Mukesh Patel's counterclaims with prejudice. [1:09-cv-01494, ECF No. 76].

85.    On February 15, 2011, the Court entered final judgment for $6,996,103.01

plus "post judgment interest in accordance with the law" in State Bank of Texas's favor (the "Judgment").

86.     That Judgment was recorded as a Writ of Fieri Facias in the Court Records of Gwinnett County on July 14, 2011 and awaits execution.

87.     The Judgment principal is $6,996,103.01, none of which has been collected.  Statutory interest on the Judgment has been accruing pursuant to O.C.G.A. § 7-4-2 at 7% simple interest, or $1,341.72 per day. Accordingly, at least $2,494,257.48 in interest has accrued as of August 15, 2016.

**B.     Rajesh and Mukesh Patel Embark on a Scheme to Defraud Creditors**

88.     Following the Judgment, the Judgement Debtors have embarked on a scheme to hide their assets by transferring those assets to family and friends in order to make themselves judgment proof and creditors such as State Bank of Texas. For example, in the months following the Judgment, both Rajesh and Mukesh Patel "sold" their homes to their spouses.

89.     On May 6, 2011, less than three months after the Judgment, Rajesh Patel "sold" his home, located at 2253 Grady Ridge Trail, Duluth, Georgia 30097, to his wife, Shama in a fraudulent transaction to remove himself from the home's ownership. The home is appraised at nearly $2 million – nearly 25% of the principal amount owed on the Judgment.

90.     In the months following entry of the Judgment, Mukesh Patel "sold" his

home, located at 2854 Cravey Drive NE, Atlanta, Georgia 30345, to his wife Hasmita in a sham transaction to remove himself from the home's ownership. The home's value is approximately $500,000.

91.    The Judgment Debtors disposed not only of their homes but also substantial commercial properties and business entities. They did not unload these assets in legitimate, arms- length transactions. Rather, they made a web of insider transfers to their wives, children, siblings, and family-owned corporate entities. Whereas prior to the initiation of the lawsuit against the Judgment Debtors, the businesses had been established and run by Rajesh and Mukesh Patel, old business entities were wound down and new businesses were established, ostensibly officered by each of the men's wives and/or children, or some combination thereof, including:

- Shama Patel (Rajesh's wife);

- Jay Patel (Rajesh's son);


- Hasmita Patel (Mukesh's wife);

- Rishi Patel (Mukesh's son); and

- Alka Patel (Mukesh and Rajesh's sister).

Following these insider transfers, Rajesh and Mukesh Patel remained the owners and managers of these properties in fact, though not in name.

92.    The following are just some of the examples of the Judgment Debtors'

fraudulent transfers of their business interests to insiders and family members.

93.     On or about April 9, 2012, the Judgment Debtors transferred real property located at 218 Peachtree Street, Atlanta, GA from Diplomat NBD Hotels to defendant 218 Capital Partners LLC for $7.8 million. Public records show that Shama Patel is the general partner of Diplomat NBD. Upon information and belief, this transfer was made by Judgment Debtors for the purpose of hiding real property assets from creditors, including Plaintiff. Upon information and belief, this transfer was not made for real value and was a sham transaction.

94.     On or about May 30, 2012, the Judgment Debtors transferred real property located at 1419 Virginia Ave., College Park, GA was transferred from RM Hotels to Surrey Capital. Upon information and belief, this transfer was made by Judgment Debtors for the purpose of hiding real property assets from creditors, including Plaintiff. Upon information and belief, this transfer was not made for real value and was a sham transaction.

95.     On or about November 13, 2012, real property located at 85 Walton Street, Atlanta, GA was transferred to defendant Arsenal Capital Partners LLC for a price of $3.02 million. Upon information and belief, this transfer was made by Judgment Debtors for the purpose of hiding real property assets from creditors, including Plaintiff. Upon information and belief, this transfer was not made for real value and was a 96.     On or about December 27, 2013, real property located at 1155 Virginia

Ave., Hapeville, GA was transferred by Grady Ridge Investments to Diplomat PR Hotels LLC for no value. It was then transferred on the same day to Hapeville Capital LLC for $5 million. Upon information and belief, this transfer was made by Judgment Debtors for the purpose of hiding real property assets from creditors, including Plaintiff. Upon information and belief, this transfer was not made for real value and was a sham transaction.

97.     If, in fact, these transactions were valid, the Judgment Debtors (or entities the Judgment Debtors owned or controlled) would have received millions of dollars, and likely more than enough to pay Plaintiff the Judgment in full, with interest. Instead, despite repeated requests from Plaintiff for payment on its Judgment, Plaintiff has not received a single dollar. sham transaction.

98.     The evidence will show similar transactions involving real property owned throughout the country in Georgia, New Jersey, Illinois, Alabama, and other states. The unifying theme is that these are sham, fraudulent transactions designed to put assets beyond the reach of creditors, while still allowing the Judgment Debtors to enjoy the benefits of ownership.

99.     In order to affect this shift from the business network owned and controlled by Rajesh and Mukesh Patel to the business network ostensibly owned and controlled by the Patel Family Defendants, the Judgment Debtors filed numerous false documents with state and governmental agencies.

AMENDED FIRST SUPPLEMENTAL COMPLAINT                                          PAGE 20

100.   As one example, 30 of the 48 business entities named supra at II.A, regardless of ownership, are located at 2100 Parklake Dr. NE, Atlanta Georgia 30345, a residence.

### C.    Rajesh's "Shell Game" Results in Criminal RICO Indictment by the U.S. Attorney's Office for the Middle District of Tennessee

101.   Rajesh Patel was indicted on May 28, 2014 and arraigned under the federal Racketeering and Corrupt Influences Act. The indictment is reported on the FBI's website: https://www.fbi.gov/contact-us/field-offices/memphis/news/press-releases/georgia-man- arraigned-on-fraud-and-money-laundering-charges.

102.   Rajesh Patel's indictment concerns for a fraudulent scheme in which he used sham businesses to raise money from investors, only to then siphon the funds away for his own benefit and claim that the entity was broke or bankrupt.

103.   This is strikingly similar to the pattern of fraud and deceit that animates this suit.  Rajesh and Mukesh Patel have conspired with and used their close family members to make the brothers appear bankrupt and unable to satisfy their legitimate debts, including the, nearly $10 million that is now owed to State Bank of Texas.

104.   On July 13, 2015, Rajesh Patel pled guilty to wire fraud.

105.   On March 25, 2015, the court sentenced Rajesh Patel to 6 months' imprisonment followed by two years supervised release and $50,000 in restitution. Rajesh Patel reported to prison on May 18, 2016. He is currently serving his sentence

---

AMENDED FIRST SUPPLEMENTAL COMPLAINT                                          PAGE 21

at USP Atlanta and is scheduled to be released (supervised release) in November 2016.

## IV.    CAUSES OF ACTION

### A.    FIRST CAUSE OF ACTION – *Against Patel Family Defendants*

**Violations of O.C.G.A. § 18-2-74(a)(1)**
**(Actual Fraud Under the Georgia Uniform Fraudulent**
**Transfers Act)**

106.    Plaintiff realleges and incorporates the foregoing facts as fully set forth herein.

107.    At the time of the Judgment, Rajesh and Mukesh Patel had millions in assets to their names, whether directly or indirectly. As a result of numerous transfers that the brothers undertook in the hopes of defeating their creditors, a search of records demonstrates that they have next to nothing in their names today.

108.    The two clearest examples are the brothers' primary residences. In May of 2011, two months after the Judgment, Rajesh Patel and his wife Shama "sold" their family home to Shama individually. Similarly, and around the same time, Mukesh Patel transferred his home so that it would be titled only in the name of his wife, Hasmita Patel.

109.    The evidence will show a series of related transactions and assignments whereby formal ownership of numerous business entities and commercial or revenue generating properties passed to Rajesh and Mukesh's wives and children in a naked attempt to defraud creditors such as State Bank of Texas.

110.    For example, Plaintiff can demonstrate that in 2012 and 2013, three properties owned collectively by entities owned by Jay Patel and Soshi Patel, the sons of the primary debtors, were worth some $18 million, and were transferred in the past two years from entities held by Rajesh and Mukesh Patel.

111.    Plaintiff will likely need the benefit of discovery to fully unwind the labyrinth of strawman deals Rajesh and Mukesh Patel have used to hide their other assets and business entities. However, several illustrative transactions already known to Plaintiff make the Judgment Debtors general scheme to hide additional assets (on top of their personal residences) unquestionable.

112.    1155 Virginia Avenue Hapeville, Georgia, 30354 is a commercial property suitable for use as a bar or restaurant. The property was long owned by Rajesh Patel via Diplomat PR Hotels, a Georgia LLC that was terminated in June of 2014. A review of the company's information at the Georgia Secretary of State's website reveals that R.C. Patel was the registered agent for Diplomat PR Hotels, and that R.C. Patel and M.C. Patel were its only member shareholders. On information and belief, "R.C. Patel" is the named Defendant Rajesh C. Patel, and "M.C. Patel" is the named Defendant Mukesh C. Patel.

113.    Late in 2013, 1155 Virginia Avenue was "sold" by Diplomat PR Hotels to Hapeville Capital, a Georgia LLC for which Jay Patel, Rajesh's son, is the registered agent and apparently the only, or primary, shareholder.

AMENDED FIRST SUPPLEMENTAL COMPLAINT                    PAGE 23

114. Although the sale price for 1155 Virginia Avenue was ostensibly $5 million, reasonably equivalent value was not actually received by Rajesh and Mukesh Patel/Diplomat PR Hotels, and this was in fact a strawman transaction whereby Rajesh and Mukesh Patel retain substantial ownership and control over the property despite the professed transfer.

115. Similarly, 1419 Virginia Avenue, College Park, Georgia 30337 is a commercial hotel property that was long owned and managed by R.C. Patel, through his company RM Hotels, Inc., of which he was the founder and CEO. On information and belief, "R.C. Patel" is the named Defendant Rajesh C. Patel.

116. In May of 2012, the property was transferred from RM Hotels to Surrey Capital, LLC, another company that is owned and managed by Rajesh Patel's son, Jay Patel.

117. Although the sale price for 1419 Virginia Avenue was ostensibly $6 million, reasonably equivalent value was not actually received by Rajesh Patel/RM Hotels, Inc., and this was in fact a strawman transaction whereby Rajesh Patel retains substantial ownership and control over the property despite the professed transfer.

118. Rajesh and Mukesh Patel engaged in numerous similar transactions involving other business entities, some of which are presently known to Plaintiff and some of which Plaintiff reasonably expects to uncover throughout the discovery process. The cumulative effect of these transactions was to dissipate the personal assets

of Rajesh and Mukesh Patel, as well as the assets of corporations owned in their names via transfers to their wives, children, siblings, and other insiders.

119. These dispositions track the traditional "badges of fraud" enumerated in Georgia's Uniform Fraudulent Transfer Act ("GUFTA") in textbook fashion.

120. All or almost all of the transfers that dissipated Rajesh and Mukesh Patel's personal wealth were made to insiders, specifically family members such as wives, siblings and children. O.C.G.A. § 18-2-74(b)(1).

121. Rajesh and Mukesh Patel retain possession or control of their transferred assets, including continuing to live in the houses transferred to their wives, and continuing to run the business entities and manage the commercial properties they transferred to insiders as well as the new business entities that have been created from the proceeds of various transfers. O.C.G.A. § 18-2-74(b)(2).

122. These transactions were concealed from State Bank of Texas as well as other creditors. O.C.G.A. § 18-2-74(b)(3).

123. These transactions followed in the wake of State Bank of Texas's filing suit and winning a multimillion-dollar judgment against Rajesh and Mukesh Patel. O.C.G.A. § 18-2- 74(b)(4) and (10).

124. The transfers effectively dissipated all or almost all of Rajesh and Mukesh Patel's assets in an attempt to render themselves "judgment proof" against creditors. O.C.G.A. § 18-2- 74(b)(5).

125.    The value of the consideration that Rajesh and Mukesh Patel received was not reasonably equivalent to the value of the assets transferred, and in most cases there was no consideration paid at all on the part of the insider receiving assets. O.C.G.A. § 18-2-74(b)(8).

126.    Rajesh and Mukesh Patel effectively became insolvent as a result of the transfers that were made and obligations incurred. Indeed, their very purpose was to become insolvent by way of this series of transactions. O.C.G.A. § 18-2-74(b)(9).

127.    Because they knew of, or reasonably should have known of the purpose of this firestorm of sham transactions each of the "Patel Family Defendants" are rightly deemed "affiliates" under the GUFTA. O.C.G.A. § 18-2-71(1).

128.    These activities—and their too-close-for-coincidence timing to the Judgment being entered—are prima facie evidence of a subjective intent on the part of all defendants to defraud State Bank of Texas, and to delay or hinder State Bank of Texas's collection attempts.

129.    For these reasons and others that will be presented to the Court, State Bank of Texas is entitled to avoidance of all fraudulent transfers to the extent necessary to pay State Bank of Texas's judgment, attorneys' fees, and costs of enforcement.

**B.    SECOND CAUSE OF ACTION -** *Against Patel Family Defendants*

**Violations of O.C.G.A. § 18-2-74(a)(2)**
**(Constructive Fraud Under the**
**Georgia Uniform Fraudulent Transfers Act)**

130.    Plaintiff realleges and incorporates the foregoing facts as fully set forth herein.

131.    At the time of the Judgment, Rajesh and Mukesh Patel had millions in assets to their names in the form of personal real estate, commercial real estate, and ownership interests in various business entities.

132.    With the Judgment looming, Rajesh and Mukesh Patel disposed of all or almost all of these assets by transferring them to their wives, children, siblings, and other family members or insiders.

133.    Rajesh and Mukesh Patel did not receive reasonably equivalent value or consideration for the property that they transferred to their family members and other insiders.

134.    Given the Judgment debt and continuing ordinary obligations to creditors, this series of transactions that ultimately dissipated Rajesh and Mukesh Patel's personal and business assets to almost zero constituted engaging in business or transactions for which for which the remaining assets of the debtors were unreasonably small in relation to the businesses or transactions.

135.    Because this series of transactions that ultimately dissipated Rajesh and Mukesh Patel's personal and business assets to almost zero occurred contemporaneously with the Judgment and other continuing obligations to creditors, it is clear that Rajesh and Mukesh Patel intended to incur or reasonably should have

believed that they were incurring debts beyond their ability to pay.

136.    For these reasons and others that will be presented to the Court, State Bank of Texas is entitled to avoidance of all fraudulent transfers to the extent necessary to pay State Bank of Texas's judgment, attorneys' fees, and costs of enforcement.

## C.    THIRD CAUSE OF ACTION - *Against Patel Family Defendants*

**Violations of O.C.G.A. § 18-2-75**
**(Constructive Fraud Under the Georgia Uniform**
**Fraudulent Transfers Act)**

137.    Plaintiff realleges and incorporates the foregoing facts as fully set forth herein.

138.    Rajesh and Mukesh Patel did not embark on their scheme to dissipate their personal and business assets via transfers to insiders until after they had incurred the Judgment debt now owed to the State Bank of Texas.

139.    Rajesh and Mukesh Patel did not receive reasonably equivalent value or consideration for the property that they transferred to their family members and other insiders.

140.    Rajesh and Mukesh Patel were insolvent at the time of this series of transfers or became insolvent as a result of this series of transfers.

141.    For these reasons and others that will be presented to the Court, State Bank of Texas is entitled to avoidance of all fraudulent transfers to the extent necessary to pay State Bank of Texas's judgment, attorneys' fees, and costs of enforcement.

## D.    FOURTH CAUSE OF ACTION - *Against All Defendants*

### Violations of Georgia O.C.G.A. § 16-14-4
### (The Georgia RICO Statute)

142.  Plaintiff realleges and incorporates the foregoing facts as fully set forth herein.

143.  The Georgia Racketeering and Corrupt Influences Act ("RICO"), O.C.G.A. § 16-14-4, provides that:

> (a)    It is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money.
>
> (b)    It is unlawful for any person employed by or associated with any enterprise to conduct or participate in, directly or indirectly, such enterprise through a pattern of racketeering activity.
>
> (c)    It is unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (a) or (b) of this Code section.

144.  Thus, under Georgia's RICO statute, it is illegal to do any of the following: (1): acquire or maintain property (including money) through a pattern of racketeering activity; (2): receive proceeds derived from a pattern of racketeering activity; (3): engage in inchoate crimes or attempts that constitute a substantial step towards effecting (1) or (2), including conspiracy.

145.  The Georgia RICO statute defines a "pattern of racketeering activity" throughout O.C.G.A. § 16-14-3.

146.  The "pattern" requirement is satisfied by "at least two acts of racketeering

activity" that further "one or more incidents, schemes, or transactions," so long as they are more than mere isolated instances. O.C.G.A. § 16-14-3(8)(A).

147.   The statute provides numerous predicate acts that constitute "racketeering activity," some borrowed from federal law and some that are unique to Georgia. Racketeering activities borrowed from federal law include violations of:

- The Federal Wire Fraud Statute (18 U.S.C. § 1343);

- The Federal Mail Fraud (18 U.S.C. § 1341);

- The Financial Institution Fraud Statute (18 U.S.C. § 1344);

- The Anti-Money Laundering Statute (18 U.S.C. § 1956); and

- Using Money that is the Proceeds of a RICO Violation (18 U.S.C. § 1957).

See O.C.G.A. § 16-14-3(9)(A)(xxix).

148.   Racketeering activities also include all forms of statutory theft under Georgia law, O.C.G.A. § 16-8-3 – which itself includes fraudulent transfers of property.

149.   The Dissolved Entities Defendants have violated the foregoing, have conspired to do so amongst themselves and with others, and have transferred the proceeds of such activities to the Transferring and New Entities, which were all controlled by the Judgment Debtors.

150.   This fraudulent scheme and artifice to defraud was accomplished or attempted to be accomplished through an enterprise consisting of a series of straw person owners and managers, registrations of shell companies, entities, and hidden

trusts, as well as through financial institutions.

151.   More specifically, Mukesh and Rajesh Patel have fraudulently concealed the true nature of their asset holdings by filing fraudulent documents with various state entities and recordation districts.

152.   They have also fraudulently transferred assets out of their own names and from the Dissolved Entities into the names of their Affiliates—e.g., their wives, sons, daughters, in-laws—via transfers to the Transferring and New Entities in an attempt to defraud State Bank of Texas and other would-be creditors and investments out of their rightful interests.  In other words, the New Entities are, upon information and belief, funded and seeded from the proceeds of the RICO Enterprise.

153.   The scheme encompasses several counties and states, and deprived not only State Bank of Texas, but apparently investors in certain business or real estate projects as well.

### 1.     THE ENTERPRISE

154.   The Georgia RICO Statute, O.C.G.A. § 16-14-3(6), defines an "enterprise" as "any person, sole proprietorship, partnership, corporation, business trust, union chartered under the laws of this state, or other legal entity; or any uncharted union, association, or group of individuals associated in fact although not a legal entity; and it includes illicit as well as licit enterprises and governmental as well as other entities." (emphasis added)

155.   Here, Mukesh and Rajesh Patel committed, or attempted or "endeavored to commit" widespread fraud that injured State Bank of Texas utilizing an "enterprise" consisting of

(1)   Persons identified as certain family members; (2) corporations; (3) partnerships; (4) legal entities; and (5) associations of individuals (family), including banks and government agencies (county registrars and clerks) to conceal the nature of their fraud.

156.   The enterprise includes, but is not limited to the following entities:

| | | |
|---|---|---|
| 218 Capital LLC | Diplomat Companies | JRA Hotel, Inc. |
| AA Hospitality, LLC | Diplomat Construction Inc. | Kingston Hotels, LLC |
| Arsenal Capital Management L | Diplomat CT Hotels, LLC | Look Outdoor, LLC |
| Arsenal Capital Partners LLC | Diplomat Development Company | Next Wavv Consulting, LLC |
| Arsenal Capital Partners LP | Diplomat Hospitality III, LLC | Parkwood Partners LLC |
| Arsenal Capital Partners-Walton LLC | Diplomat Hospitality LLC | RM Hotels |
| BFB Properties | Diplomat Hotel Corp. | RM Kid Four LLC |
| Birmingham Asset Management, Inc. | Diplomat NBD Hotels, LLC | RM Kid One LLC |
| Budgetel Licensing Corp. | Diplomat PB Hotels LLC | RM Kids LLC |
| Carnegie Hotel Manager LLC | Diplomat PR Hotels, LLC | SPE MB Atlantic Palms CMM, Inc. |
| Carnegie Hotel MT LLC | Diplomat Risk Services LLC | SPE MB Atlantic Palms, LLC |
| Chelsea Capital Partners Fund 1, LLC | Florida Debt Fund LLC | Stamford Bridge Capital, LLC |
| Chelsea Capital Partners LLC | Grady Ridge Investments 1, LLC | Sugerloaf Capital, LLC |
| CPRM Corporation | Grady Ridge Investments 2, LLC | Surrey Capital, LLC |
| Croydon Investments, Inc. | Grady Ridge Investments LLC | Texas Richardson Hotels LLC |
| Diplomat 1419VA Hotels, LLC | Hapeville Capital LLC | Y1 Limited Partners, LLC |

157.    This massive spider web of entities can readily be grouped into three categories: (i) New Entities; (ii) Transferring Entities, and (iii) Dissolved Entities.

158.    The New Entities –  Rajesh and Mukesh Patel created the New Entities to house assets and frustrate obligations to creditors.  Upon information and belief, the Judgment Debtors orchestrated the creation of these entities to warehouse assets received from other entities controlled by the Judgment Debtors, including the Transferring Entities and the Dissolved Entities.  The New Entities received assets stripped from the Transferring and Dissolved Entities which would otherwise be used to satisfy obligations owed to the State Bank of Texas.  The New Entities include the following: 218 Capital Partners, LLC; Chelsea Capital Partners, LLC; Hapeville Capital, LLC; Look Outdoor, LLC; Stamford Bridge Capital, LLC; Budgetel International, LLC; CC Operating Company, LLC; UV Hotels, LLC; VA Operating Company, LLC; Arsenal Capital Partners – Walton, LLC; Arsenal Capital Partners, LLC; and, SHR Holdings LLC.

159.    The Transferring Entities – A Patel Family Defendant – (either, the Judgment Debtors' wives, sons, daughters, in-laws) assumed nominal control of the entity, in an attempt to defraud State Bank of Texas and other would-be creditors out of their rightful interests.  Upon information and belief, the Transferring Entities contained and received assets properly belonging to Rajesh and Mukesh Patel.  The Judgment Debtors nominally transferred ownership to a family member, but retained actual control

over the Transferring Entities. The Transferring Entities include: RM Kids, LLC; RM Kid One, LLC; RM Hotels, Inc.; Carnegie Hotel Manager, LLC; CT Hotels, LLC; RM Family Limited Partnership; SMS Hotel Equities; Diplomat CT Hotels, LLC; Surrey Capital, LLC; Diplomat Companies.

160. The Dissolved Entities – These include all entities owned/controlled by Rajesh and Mukesh Patel that no longer operate and are currently insolvent. Upon information and belief, Rajesh and Mukesh Patel caused the insolvency of the Dissolved Entities by effectuating asset transfers from the Dissolved Entities to the New Entities and the Transferring Entities in a purposeful effort to frustrate the Plaintiff's collection efforts. The Defunct Entities include: Diplomat PR Hotels, LLC, Diplomat Hotel Corp.; Carnegie Hotels LLC; Carnegie Hotel MT LLC; Kingston Hotels, LLC; Birmingham Asset Management; Diplomat Hospitality, LLC; Diplomat Hospitality II, LLC; Diplomat Hospitality III, LLC; Diplomat Hospitality IV, LLC; Diplomat Hotels, LLC; Diplomat Construction, Inc.; Diplomat Risk Services, LLC; Premier Travels, Inc.; Croydon Investments, Inc.; Richardson Hotels, LLC; Host Express, LLC; Diplomat Development Company; Whitehorse Inns Inc.; Kennedy Diploma Newnan LLC; Diplomat Companies; Northlake Hotels, LLC; and, Radha Premier Travel, Inc.

161. Upon information and belief, the New Entities, Transferring Entities and Dissolved Entities are all the alter-ego of Rajesh and Mukesh Patel, and were not separate and distinct from the Judgment Debtors.

162.    Allowing the Judgment Debtors to use their various corporate entities as a shield from liability would result in fraud.  The Judgment Debtors purposefully used those entities to transfer or receive assets, that would have otherwise been recovered by the State Bank of Texas.

163.    Upon information and belief, the Judgment Debtors have used the entities to evade an obligation to creditors, including Plaintiff, and as a vehicle to perpetuate a fraud.  Judgment Debtors accomplished this by transferring assets from the Dissolved Entities to New Entities and Transferred Entities to mask ownership and to defraud Plaintiff.

164.    Allowing the Judgment Debtors to use their various corporate entities as a shield from liability would result in fraud.  The Judgment Debtors purposefully used those entities to transfer or receive assets that would have otherwise been recovered by the State Bank of Texas.

165.    These entities are/were part of the Enterprise and shared the in the benefits of the Enterprise including common ownership and access to resources including office space and labor.  Additionally, to the extent they "received" any property from Rajesh and Mukesh's schemes to defraud and to hide assets, they are liable even if they did not themselves utilize the enterprise.

## 2.    RACKETEERING ACTIVITIES

### i.    Theft and Theft by Deception (O.C.G.A. § 16-8-3 et seq.)

166.    Code section 16-14-3(9)(A)(ix) incorporates all forms of statutory theft as predicate offenses under the Georgia RICO statute.

167.    In signing the original note in this case, accompanied by their personal guarantees, Rajesh and Mukesh Patel promised to pay back a loan in excess of $10 million with the proceeds of their hotel business and, if their business faltered, to make good on the loan personally.

168.    From the outset, the Patel brothers had no intention of performing on their promise to pay back the loan. Instead, they intended to keep the loan proceeds for themselves but hide collectible assets from their creditors so as to render them "judgment proof" by effectuating asset transfers from the Dissolved Entities to the Transferring and New Entities

169.    This is evident not only from the immediacy of the scheme, which began as soon as a judgment was secured against them, but also from Rajesh Patel's recent guilty plea to wire fraud in a similar scheme for which he is currently serving a six-month prison sentence. Defendants have pursued the same tactics time and again: acquiring loan proceeds and cash from investors for purportedly legitimate business ventures, using it instead to enrich themselves and their families, and then sheltering collectible assets from their business partners and creditors.

170.    Undertaking a loan or an investment while scheming for ways not to pay it back is theft under Georgia law. O.C.G.A. § 16-8-3(b)(5). Theft of this nature is

considered racketeering activity under the Georgia RICO statute. O.C.G.A. 16-14-3(9)(A)(ix).

171. Similarly, and as outlined above, Rajesh and Mukesh Patel have engaged in numerous fraudulent transfers of assets, businesses and properties in an attempt to defeat their creditors, including State Bank of Texas and others.

172. This series of fraudulent transfers was numerous and highly organized. The aims of the scheme were cohesive and structured. The similarity in the plans behind the fraudulent transfers make it clear that these were not isolated incidents.

173. Committing fraud of this kind is theft by deception under Georgia law. O.C.G.A. § 16-8-3(b)(1)-(4). Theft of this nature is considered racketeering activity under the Georgia RICO statute. O.C.G.A. 16-14-3(9)(A)(ix).

### ii. Mail & Wire Fraud (18 U.S.C. § 1341 and § 1343)

174. Rajesh and Mukesh Patel, other members, co-conspirators and each of the Dissolved Entities, Transferring Entities and New Entities utilized the mail and wires as part of the scheme or artifice to defraud by, among other things:

- Mailing or electronically transmitting incorporation documents that falsely stated that Rajesh and Mukesh Patel were not the beneficial owners and managers of various corporations in Georgia and other states;

- Utilizing the mails to transmit correspondence and documents;

- Wiring funds to and from corporate entities and banks;

- Utilizing the telephones and internet to coordinate and communicate;

- Utilizing the wires to access government websites to file corporate and other real property notices and relevant documents necessary to be filed with various state agencies.

175. As proof that such maneuvers are "chargeable by indictment" under the federal mail and wire fraud statutes (O.G.C.A. § 16-14-3(9)(A)(xxix)), Rajesh Patel has pled guilty to wire fraud charges and is serving a prison sentence for his scheme to siphon funds in and out of certain shell corporations to deprive investors of the value of their investment which was supposed to have been secured by the property therein.

### iii.    Financial Institution Fraud (18 U.S.C. § 1344)

176. The scheme furthermore involves defrauding or attempting to defraud a financial institution, State Bank of Texas. In the transactions outlined above and others, Rajesh and Mukesh Patel have obtained the funds of financial institutions under false pretenses, representations or promises. Because the New Entities, Transferring Entities and Dissolved Entities received these proceeds—the money and/or property-derivative of said scheme—they are likewise liable for violating the Georgia RICO Statute's prohibition on maintaining any such proceeds, much less investing same into other entities or property or even holding it in cash.

### iv.    Money Laundering (18 U.S.C. 1956) and Use of Illegally Begotten Funds (18 U.S.C. § 1957)

177.   The scheme included, at least in part, transferring of moneys and or property, or the proceeds from the sale or transfer thereof, to new entities, or hidden entities registered in the name of third party affiliates of Mukesh and/or Rajesh Patel.

178.   The use of such property is a violation of the Money Laundering Statute, 18 U.S.C. § 1956, and to the extent the property constitutes funds from the operation of the illegal enterprise, it is a violation of 18 U.S.C. § 1957.

179.   Both are predicate violations for a RICO under Georgia law.

**v.        Receipt of Funds under Georgia RICO (O.C.G.A. § 16-14-4)**

180.   O.G.C.A § 16-14-4(a) makes it a direct violation of Georgia RICO to "acquire or maintain" any interest in property, real property, personal property, or money, and to maintain control or any interest in any enterprise.

181.   According to public records, the following entities used the Patel's home address at 2253 Grady Trail Ridge (the "Grady Property) as a principle place of business or as an office: Stamford Bridge Capital LLC, Chelsea Capital Partners, Diplomat Hotel Corp., RM Kids One LLC, Carnegie Hotel Manager, LLC, Look Outdoor LLC; Budgetel Lodging LLC, Surrey Capital, LLC, SMS Hotel Equities, RM Families Limited Partnership and Carnegie Hotel Manager, LLC.

182.   The Patel Family Defendants retained ownership of the Grady Property due to Rajesh Patel's fraudulent transfer to his wife, Hashmita Patel.

183.   The aforementioned Defendants are all liable as each received a benefit from use and access to the Grady Property.  By example, use of the facilities benefitted these Defendants, because it allowed them to save on rent, utilities and back office costs.

184.   The fraudulent scheme included, at least in part, transferring of moneys and/or property, or the proceeds from the Dissolved Entities, to New Entities, or Transferring Entities registered in the name of third party affiliates of Mukesh and/or Rajesh Patel.

185.   The scheme involved the Judgment Debtors' use of funds received from Plaintiff's loan to capitalize, set up and incorporate the New Entities and Transferring Entities used to both house personal assets from the Judgment Debtors and the Dissolved Entities and hide monies rightfully belonging to the State Bank of Texas.

186.   The Patel Family Defendants and, upon information and belief, the Affiliates have acquired and/or maintained interests in property, personal property, and certain entities, as part of or as a direct result of the scheme to defraud.

### vi.    Inchoate Liability: Attempt and Conspiracy

187.   O.G.C.A. § 16-14-4(c) makes it violation of the Georgia RICO statute to "endeavor" or to "conspire" to violate either subsection (a) or (b) of § 16-14-4.

188.   Rajesh and Mukesh Patel conspired together to concoct a fraudulent scheme to deprive State Bank of Texas and other investors of their rightful interests and moneys.

189.   The Patel Family Defendants and Affiliates have violated the above provision by conspiring with Rajesh and Mukesh Patel to construct a fraudulent scheme and artifice to hide assets and evade responsibility for legal debts.

190.   The Patel Family Defendants and Affiliates gave substantial assistance and encouragement to Rajesh and/or Mukesh Patel in the form of running aspects of the enterprise, filing documents, receiving money and property ostensibly in their own names or in names of entities that in reality was the property of Rajesh or Mukesh Patel, or were obtained by using, paying or otherwise pledging the property of Mukesh Patel and/or Rajesh Patel.

### 3.   SPECIFIC REMEDIES AUTHORIZED: TREBLE DAMAGES

191.   Under the Georgia RICO Statute, O.G.C.A. § 16-14-6(c), State Bank of Texas is entitled to treble damages as well as punitive damages, attorneys' fees, and reimbursement of the costs of investigation and the costs of suit.

192.   Under the Georgia RICO Statute, O.G.C.A. § 16-14-6(c), State Bank of Texas is entitled to treble damages as well as punitive damages, attorneys' fees, and reimbursement of the costs of investigation and the costs of suit.

193.   State Bank of Texas is also entitled to any and all orders necessary and proper for fulfilling the purposes of the RICO Statute, including an order of divestiture, an order restricting any of the members from involvement in real estate, or taking out loans or working with investors; an order of dissolution for each entity.

## VI.   RELIEF REQUESTED

194.   State Bank of Texas seeks a preliminary injunction against Rajesh C. Patel, Shama Patel, Mukesh C. Patel, and Hasmita Patel preventing the further transfer of any assets including the real property located at 2253 Grady Ridge Trail, Duluth, Georgia 30097 and 2854 Cravey Drive NE, Atlanta, Georgia 30345.

195.   State Bank of Texas is seeking a minimum aggregate amount of $23,732,566.51 from Defendants and Affiliates, jointly and severally, calculated as:

    a)    Treble Damages under O.C.G.A. § 16-14-6 of the $6,996,103.01 Judgment, or $20,988,309.03;

    b)    Punitive damages of at least $250,000 for willful and intentional misconduct and fraud under O.G.C.A. § 16-14-6 and § 51-12-5.1;

    c)    Statutory accrued interest under O.C.G.A. § 7-2-4 of $2,494,257.48 as of August 15, 2016 and additional interest of $1,341.72 per day thereafter;

    d)    Statutory attorneys' fees per O.G.C.A. § 13-1-11; and

    e)    Costs of investigation and suit in amount to be determined by the Court under O.C.G.A. § 16-14-6.

196.   The State Bank of Texas seeks to enforce the above and collect on its existing Judgment and therefore seeks a Court Order:

    a)    A Writ of Execution on assets—bank accounts, life insurance policies, brokerage accounts, cars, real property, personal property, ownership interests in businesses— in the name of Rajesh Patel and/or Mukesh Patel;

    b)    Pre-suit order of attachment and sequestration of all Property referred to herein and of all bank accounts, life insurance policies,

brokerage accounts, and personal property of the Patel Family Defendants;

c) A Court Order setting aside all transfers of real property or personal property from either Rajesh or Mukesh Patel to any other person or entity;

d) A Court Order of divestiture of any interests in real property, personal property or otherwise;

e) A Court Order of dissolution of all Affiliates referred to herein and an Order revoking any authorization by the Georgia Secretary of State for a corporate existence of the Affiliate entities referred to herein;

f) A Court Order of attachment and garnishment of all real and personal property against each Defendant in such amounts as are appropriate to cause all damages, interest and attorneys' fees to be paid to State Bank of Texas; and

g) All other relief that is just and equitable to which Plaintiff may show itself entitled.

## VII.  TRIAL BY JURY REQUESTED

197.   Plaintiff State Bank of Texas requests trial by jury on all matters and issues triable to a jury under Georgia law.

---

DATED:  May 1, 2018                    Respectfully submitted,

                                       **SBAITI & COMPANY PLLC**

                                       */s/ Mazin A. Sbaiti*
                                       Mazin A. Sbaiti
                                       Texas State Bar No. 24058096
                                       1201 Elm Street – Suite 4010
                                       Dallas, TX  75270
                                       T: 214-432-2899
                                       F: 214-853-4367
                                       E: mas@sbaitilaw.com

                                       Andrew B. Ryan
                                       Texas State Bar No. 24054464
                                       Ryan Law Partners LLP
                                       3811 Turtle Creek Boulevard
                                       Suite 780
                                       Dallas, TX  75219
                                       T: 214-417-0076
                                       F: 888-594-6240
                                       E: andy@ryanlawpartners.com

                                       G. Franklin Lemon
                                       Georgia State Bar No. 141315
                                       Webb, Klase & Lemond, LLC
                                       1900 The Exchange SE, Suite 480
                                       Atlanta, GA  30339
                                       T: 770-444-9594
                                       F: 770-444-0271
                                       E: flemond@webllc.com

                                       Attorneys for Plaintiff

---

AMENDED FIRST SUPPLEMENTAL COMPLAINT                    PAGE 44

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2018, a copy of the foregoing document was served on all counsel of record via this Court's CM/ECF System.


/s/ *Mazin A. Sbaiti*
Mazin A. Sbaiti

.